STATE v. LEWIS.

(Filed October 18, 1904).

LARCENY—*Evidence—Presumptions.*

> Where the prosecutor testified that the defendant offered to return the money alleged to have been stolen, evidence that the defendant was timid was admissible to rebut the presumption of guilt arising from the proposition.

INDICTMENT against Thomas Lewis, heard by *Judge G. S. Ferguson* and a jury, at June Term, 1904, of the Superior Court of LENOIR County. From a verdict of guilty and judgment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Land & Cowper,* for the defendant.

CONNOR, J. The defendant being on trial upon a charge of the larceny of money from the person of the prosecutor, it was in evidence that the prosecutor was in the habit of getting drunk and claiming to lose money; that on other occasions he had accused persons of taking his money and they had paid him to avoid prosecution, but whether said persons were guilty or not the witnesses said they did not know. There was evidence that defendant denied having the money and said he did not get it. The prosecutor swore that defendant said he had the money and would pay it back if he would go with him to Snow Hill; that he went and defendant dodged him. The defendant offered to prove by one Sullivant that he was a timid man and easily frightened, to account for his conduct in proposing to pay the prosecutor and to settle the matter for the purpose of rebutting any presumption of guilt which might arise from such proposition. This testimony was, upon objection from the State, excluded, and defendant

excepted. For the purpose indicated, the proposed testimony was competent. The State having shown conduct on the part of the defendant which, unexplained, amounted to a confession, it was competent to show the state of mind of the defendant at the time of such conduct—as that he was frightened, or that inducements were held out, promising immunity from prosecution, or that, as in this case, he was a timid man and easily frightened. The fact, if true, that the defendant was a weak-minded man, easily imposed upon, credulous or timid, is relevant as tending to explain his conduct. The rules controlling the admission of testimony in respect to its relevancy are based upon experience and observation of mankind in their social, business and other relations. Conduct tending to show guilt or innocence is stronger or weaker according to the state of mind, physical condition, temperament, environment, etc., of the party. "The sex, age, disposition, education and previous training of the prisoner are to be considered in determining whether the confession was or was not free and voluntary, for it is well known that a determined, incredulous and experienced man is not so susceptible to threats or to promise of immunity as a feeble woman or a person of feeble intellect or will-power." Underhill Cr. Ev., sec. 128. It is proper that juries shall have the assistance which such facts afford in passing upon conduct from which they are required to draw inferences of guilt or innocence. The weight to be attached to it is dependent upon the opportunity the witness has for knowing the temperament or disposition of the defendant and the circumstances under which they are manifested. What weight the jury may attach to such evidence we may not conjecture. In this case it may not have affected the verdict. If it was competent—that is, relevant—the defendant was entitled to have it submitted to the jury for the purpose suggested. Of course his Honor, either at the time of its admission or in his charge to the jury, will

explain to them for what purpose it was admitted and in what way. they may consider it. For the error in rejecting the testimony the defendant is entitled to a

New Trial.